**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**THIS IS A CAPITAL CASE**

THOMAS LEO SPRINGS                                                                                          PETITIONER

v.                                               No. 5:13CV00005 JLH

RAY HOBBS, Director of the
Arkansas Department of Correction                                                              RESPONDENT

**ORDER**

Thomas Leo Springs was convicted of capital murder and sentenced to death by the State of Arkansas. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition includes a significant number of claims that apparently were not presented to the state courts. In large measure, he argues that his failure to present those issues to the state courts should be excused because he is actually innocent by reason of mental defect. The State has filed a response in which it argues that most of the claims asserted by Springs are procedurally defaulted and must be rejected.

The Supreme Court has held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." *Dretke v. Haley*, 541 U.S. 386, 393-94, 124 S. Ct. 1847, 1852, 158 L. Ed. 2d 659 (2004). Therefore, the Court directs counsel for Springs to file a brief in reply to the State's response (1) identifying the claims for relief that Springs contends are not procedurally defaulted and arguing the merits of those claims, and (2) identifying the claims that Springs concedes are procedurally defaulted but for which there are grounds to excuse the procedural default and arguing the grounds (other than actual innocence) for

the procedural default as well as the merits of those claims.  The brief should address the applicability of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to this case.  Springs' reply brief must be filed within 60 days from the entry of this Order.

Afterward, the Court will decide all of Springs' nondefaulted claims for relief and all of his grounds for cause to excuse procedural default other than the actual innocence exception.  If the Court finds no grounds upon which Springs may be entitled to relief without considering the actual innocence exception, the Court will then invite the parties to address the actual innocence exception.

IT IS SO ORDERED this 12th day of June, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE