**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**THIS IS A CAPITAL CASE**

THOMAS LEO SPRINGS                                                                          PETITIONER

v.                                            NO. 5:13CV00005 JLH

WENDY KELLEY, Director,
Arkansas Department of Correction                                                     RESPONDENT

## ORDER

The Court previously entered an Order granting Thomas Leo Springs's unopposed request to depose Drs. Raymond Molden and Albert Kittrell ("ADC psychiatrists"). Document #55. Because Springs is indigent, the Court also authorized the United States Marshals Service to pay the actual mileage and witness fee related to these depositions. Document #82. The ADC psychiatrists have filed a motion to quash the subpoenas, or, alternatively, for a protective order, arguing that they should be paid a professional fee for their time preparing for and testifying at their deposition.

The parties' joint report identified the ADC psychiatrists as treating physicians who conducted non-forensic psychiatric evaluations of Springs at the ADC. Document #43 at 28. Dr. Kittrell is the regional psychiatric director of Correct Care Solutions, LLC ("CCS"), a contract medical care provider for the ADC, while Dr. Molden is a private psychiatrist hired by CCS to provide psychiatric care and treatment to ADC inmates.

The issue is whether the ADC psychiatrists should be compensated for their time as expert witnesses under Federal Rule of Civil Procedure 26(b)(4)(E) rather than being paid only the statutory fee of $40 per day as provided in 18 U.S.C. § 1821(b). The ADC psychiatrists argue that they are entitled to an expert witness fee because a treating physician's deposition will necessarily

include expert testimony under Federal Rule of Evidence 702.[1]  Springs says he is not required to pay the expert witness fee because he is only exploring facts related to his mental illness by deposing witnesses who have previously treated him.  He also argues that Rule 26 is inapplicable because neither party has disclosed the ADC psychiatrists as experts.  Finally, he says the ADC psychiatrists' appearance will not create an undue burden or expense for them because they are employed by a private company that regularly provides psychiatric care and treatment to ADC inmates.

Rule 26 requires disclosure of two types of witnesses:  (1) witnesses who may be called to present expert testimony under Federal Rules of Evidence 702, 703, or 705, and (2) witnesses retained or specifically employed to provide expert testimony.  Fed. R. Civ. P. 26(a)(2)(A)(B).  The Rule permits a party to depose "any person who has been identified as an expert whose opinions may be presented at trial."  Fed. R. Civ. P. 26(b)(4)(A).  A party seeking discovery under Rule 26(b)(4)(A) must "pay the expert a reasonable fee for time spent" unless "manifest injustice would result."  Fed. R. Civ. P. 26(b)(4)(E).

The ADC psychiatrists primarily rely on *Hoover v. United States*, No.01C2372, 2002 WL 1949734 (N.D. Ill. Aug. 22, 2002), which held that "the treating physician[] is a person who 'may present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence'" because of "special insights by virtue of his or her training that will inform the factual testimony he or she

---

[1] A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
   (b) the testimony is based on sufficient facts or data;
   (c) the testimony is the product of reliable principles and methods; and
   (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

will offer at trial." *Hoover*, 2002 WL 1949734, at *8 (quoting Fed. R. Civ. P. 26(a)(2)(A)). The court said "that if a party intends to offer such evidence at trial through the treating physician's testimony, then Rule 26 treats the physician as a non-retained occurrence witness expert, so long as he or she is identified and disclosed pursuant to Rule 26(a)(2)(A)." *Id.* Springs responds that *Hoover* is distinguishable because the ADC psychiatrists have not been disclosed as experts under Rule 26. Two other cases cited by the ADC psychiatrists can similarly be distinguished. *See Patterson v. Avis Rent A Car Systems, Inc.*, 48 F. Supp. 3d 532, 533-34 (S.D.N.Y. 2014) ("There are diverging cases as to whether a treating physician not designated as an expert witness under Rule 26(a)(2) is entitled to be compensated under the statutory rate or the 'reasonable fee' rate. Here, however, this question is not presented because the plaintiff has offered his treating physician as an expert witness.") (citations omitted); *Bandy v. Kimsey*, No. 2:09CV82, 2010 WL 4630828, at *1 (N.D. Ind. Nov. 4, 2010) ("Bandy disclosed both physicians as experts under Federal Rule of Civil Procedure 26(a))."). Springs also cites a line of cases holding that under Rule 26(b)(4)(E) a treating physician who has not been designated as an expert is entitled to no more than the statutory fee. *See Rodriguez ex rel. Fogel v. City of Chicago*, No. 08C4710, 2009 WL 2413750 (N.D. Ill. Aug. 5, 2009); *Fisher v. Ford Motor Co.*, 178 F.R.D. 195 (N.D. Ohio 1998); *Mangla v. Univ. of Rochester*, 168 F.R.D. 137 (W.D.N.Y. 1996); *Baker v. Taco Bell Corp.*, 163 F.R.D. 348 (D. Colo. 1995); *Salas v. United States*, 165 F.R.D. 31 (W.D.N.Y. 1995).

Here, the ADC psychiatrists are treating physicians who have examined and treated Springs in the past. Like other witnesses with historical knowledge relevant to issues in a case, they may be deposed about the observations and conclusions that they reached in the past. Witnesses with such historical knowledge are paid the statutory fee of $40 per day when they testify; they are not otherwise compensated for their time. Physicians are not entitled to special treatment. *McDermott*

*v. FedEx Ground Systems, Inc.*, 247 F.R.D. 58, 61 (D. Mass. 2007). The ADC psychiatrists have already been compensated for making the observations they have made and reaching the conclusions they have reached relevant to this case: they were paid by the company that employs them to provide treatment to ADC inmates. Furthermore, Springs is indigent and has no means to pay them. Manifest injustice would result if he were required to compensate them as they request.

The Motion to Quash Subpoenas or, Alternatively, Motion for a Protective Order is DENIED. Document #84.

IT IS SO ORDERED this 12th day of January, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE