# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

## CAPITAL CASE

THOMAS LEO SPRINGS                                                    PETITIONER

v.                          CASE NO. 5:13-CV-00005 BSM

WENDY KELLEY, Director
Arkansas Department of Correction                                     RESPONDENT

## ORDER

Thomas Springs's motion for a temporary stay [Doc. No. 118] is denied. Wendy Kelley's motion to impose sanctions [Doc. No. 120] is granted in part, and an adverse inference will be drawn against Springs's alleged mental illness. Kelley's motion is denied in all other respects.

Springs was ordered to comply with a Rule 35 mental examination, and he was warned that failing to comply could result in sanctions—such as an adverse inference concerning his mental illness. Doc. No. 118. Springs, however, continues to refuse to comply. He seeks a temporary stay to allow time to receive psychotropic medication or, alternatively, a competency hearing.

A temporary stay is not warranted. Although the Federal Rules of Civil Procedure authorize a temporary stay as a discovery sanction, *see* Fed. R. Civ. P. 37(b)(2)(A)(iv), granting a stay would reward Springs for violating prior orders. *See, e.g.*, *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) ("[C]apital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death."); *Lindh*

*v. Murphy*, 521 U.S. 320, 340 (1997) ("[C]apital defendants, facing impending execution, seek to avoid being executed. Their incentive, therefore, is to utilize every means possible to delay the carrying out of their sentence.").

Further, even if a temporary stay were authorized under *Gonzales v. Ryan*, 568 U.S. 57 (2013), Springs's history indicates that he is unwilling, not unable, to submit to a Rule 35 examination by Kelley's rebuttal experts. Springs says his mental illness—delusions of divine revelations—is preventing him from submitting to examination by Kelley's experts. In support, he relies on prior evaluation reports that include self-reporting of similar delusions. In both state and federal proceedings, Springs, however, has consistently submitted to examinations by his own experts without medication. He reported delusions of divine revelations directing him not to cooperate with Kelley's rebuttal experts only after the aborted clinical interviews on April 30 and May 21. Springs was reluctant, and ultimately refused, to participate in those interviews because of a perceived conflict with Dr. MacVaugh and a belief the experts were there "to refute what his own experts said about him." Doc. No. 115-1.

Additionally, it is unclear whether Springs would be prescribed the psychotropic medication he seeks or that an independent competency evaluation at a federal facility would be productive. Springs is not cooperating with Kelley's experts, his own lawyers, or court orders; it appears highly unlikely that he will now start cooperating with a federal examiner.

Because Springs has failed to comply with a prior discovery order, limited sanctions

are appropriate. No hearing is required. Accordingly, an adverse inference will be drawn against Springs's alleged mental illness. *See* Fed. R. Civ. P. 37(b)(2); Doc. No. 118. Kelley's request to prohibit Springs's experts from testifying, however, is denied. Such a sanction would be tantamount to striking Springs's remaining claims and is unduly harsh. Further, Springs will not be required to pay for Kelley's experts' time. As Springs has already been found indigent and is incarcerated, it is unlikely that he will ever have the ability to pay. *See, e.g.*, *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998) (requiring consideration of ability to pay before imposing monetary sanctions under Rule 11).

IT IS SO ORDERED this 19th day of July 2019.

_____
UNITED STATES DISTRICT JUDGE