IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CAPITAL CASE**

**THOMAS LEO SPRINGS**                                                                   **PETITIONER**

v.                              **CASE NO. 5:13-CV-00005 BSM**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                   **RESPONDENT**

**ORDER**

Thomas Springs's amended motion to expand the certificate of appealability [Doc. No. 243] is denied. He acknowledges that after judgment was entered [Doc. No. 207], the Supreme Court held that 28 U.S.C. section 2254(e)(2)'s stringent evidentiary restrictions apply to procedurally defaulted ineffectiveness-of-trial-counsel claims. *Shinn v. Ramirez*, 596 U.S. __, 142 S.Ct. 1718 (2022). Springs contends that hearing evidence remains available for *habeas* review because he has satisfied section 2254(e)(2) requirements.

For constitutional claims denied on the merits, Springs must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedurally barred claims, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added). Springs has not made the required showing for a certificate of appealability on any of the issues he raises.

### 1. Incompetency Claim

Springs is not entitled to a certificate of appealability on his procedurally defaulted incompetency claim. Based on circuit precedent, reasonable jurists would not debate that this claim is subject to *habeas* exhaustion requirements. *Weekley v. Jones*, 76 F.3d 1459 (8th Cir. 1996) (en banc) (adopting reasoning of *Weekley v. Jones*, 56 F.3d 889, 894–95 (8th Cir. 1995)). Reasonable jurists would also not debate whether a stay is appropriate so that Springs can pursue state-court remedies for his claim related to incompetency. For the reasons outlined in the 2014 order, state-court remedies are not available. Doc. No. 29 at 56–62.

### 2. Excuses for Procedural Default

Springs has similarly not presented a debatable question as to whether his alleged incompetency is cause to excuse the procedural default of any of his claims. This is true because he did not make a "conclusive showing" of his incompetence during the state-court proceedings. *Gordon v. Ark.*, 823 F.3d 1188, 1196–97 (8th Cir. 2016). Further, a certificate is not warranted on whether procedural default is overcome by a miscarriage of justice. For the reasons stated in the final order, Springs's actual innocence argument fails—both as a freestanding claim and as an excuse for procedural default. Doc. No. 206 at 58–59.

### 3. Ineffectiveness Claim Related to Traumatic Childhood

Springs contends that new evidence introduced at the pre-*Shinn* hearing remains available for *habeas* review because his ineffectiveness claims satisfy section 2254(e)(2).

Springs also continues to press for record expansion on his procedurally defaulted ineffectiveness claim that his trial lawyers' penalty-phase work was constitutionally deficient for failing to present traumatic-childhood evidence. When a *habeas* petitioner fails to develop the factual basis of a claim in state court, a federal court may hold an evidentiary hearing in only very narrow circumstances. 28 U.S.C. § 2254(e)(2). Because there is no constitutional right to post-conviction counsel, that lawyer's lack of diligence in developing the state-court record is attributable to the petitioner. *Shinn,* 142 S.Ct. at 1734–35.

Springs argues that he is not at fault for failing to develop ineffectiveness claims because he was incompetent, but he has not demonstrated that he was incompetent during the state-court proceedings and his post-conviction lawyer's failure to develop the ineffectiveness claims is attributable to him. He has not cleared the section 2254(e)(2) hurdle for *habeas* review of new evidence and makes no argument that his claims meet the statutory exceptions. A certificate on this issue is therefore not warranted.

### *4. Ineffectiveness Claim Related to Lack-of-Capacity Defense*

With or without consideration of the *pre-Shinn* hearing evidence, Springs is not entitled to a certificate on his procedurally defaulted ineffectiveness claim related to the lack-of-capacity defense. Reasonable jurists would not debate whether this claim is substantial under a *Martinez-Trevino* analysis. *See Martinez v. Ryan,* 566 U.S. 1, 14 (2012); *Trevino v. Thaler,* 569 U.S. 413, 428–29 (2013). Paul Deyoub, the court-appointed psychologist, found no evidence of psychosis, past hallucinations, or delusions. Doc. No. 206 at 27. He reported

to the trial court that "anger and rage do not constitute a mental disease or inability to conform one's conduct to the requirements of the law," and diagnosed Springs with adjustment disorder with depressed mood. *Id*. at 27, 54.

In seeking an expanded certificate, Springs continues to challenge Deyoub's findings. He contends Deyoub's conclusions must be discounted because his evaluation was abbreviated, and because Deyoub did not have the benefit of a complete social-history investigation. Trial lawyers, however, continued to search for potential mitigating evidence and retained Dr. Bradley Diner to re-evaluate Springs. At the evidentiary hearing, Springs introduced the lead trial lawyer's notes of his conversation with Diner. Diner told trial lawyers that Springs's murder of his estranged wife was "clearly premeditated," and that his mental issues did not rise to a defense under the law. Doc. No. 206 at 27–28. He reported that Springs described a history of domestic abuse and showed no remorse. *Id.*

Reasonable jurists would not debate whether "a more thorough evaluation, a different expert, or a new diagnosis would have made a difference" in the guilt phase. *Id*. at 39. For the reasons given in the 2014 order, overwhelming evidence supported the jury's finding that the murder was deliberate and premeditated. *See* Doc. No. 29 at 62–68. Springs's new *habeas* expert, psychiatrist Bhushan Agharkar, testified that the circumstances of the murder pointed to manic behavior, but he also admitted that Springs may have been simply angry that his wife left him. Doc. No. 206 at 53–54.

     *5. Ineffectiveness Claim Related to Mental Illness and Impairment*

Springs's procedurally defaulted penalty-phase ineffectiveness claim related to mental illness and impairment fares no better. Reasonable jurists would not debate whether Springs alleged a substantial claim that could overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689–90 (1984). Springs continues to argue that trial lawyers should have spent more time investigating his childhood for abuse and other traumatic events. His lawyers' work, however, must be viewed in light of Springs's statements and actions. *See Id.* at 691. Springs did not want to go in that direction for trial.

Springs also repeats his argument that trial lawyers should have worked harder to uncover a potentially mitigating diagnosis. He contends that, because his lawyers' social-history investigation was inadequate, Deyoub and Diner did not have a sufficient basis for their opinions. Despite this argument, Springs has not demonstrated that more investigation at the time of trial would have made a difference. He stood trial for capital murder in November 2005. By the time of the *habeas* investigation, family dynamics had changed and Springs's children were grown. Further, while Agharkar later diagnosed Springs with schizoaffective disorder, that diagnosis was based on information arising years after trial and unavailable to state-court lawyers.

Reasonable jurists also would not debate whether Springs alleged a substantial claim that *Strickland* prejudice resulted from the alleged error. The strength of the aggravators and the murder circumstances were too much to overcome. Springs did not show a reasonable

probability that his sentence would have been different if his trial lawyers had worked harder to pursue a diagnosis of mental illness and impairment. *Strickland*, 466 U.S. at 694.

    IT IS SO ORDERED this 16th day of November, 2022.

                                                _____
                                                UNITED STATES DISTRICT JUDGE